UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| REEDEREI RUDOLF SCHEPERS, § | | |
| REEDEREI RUDOLPH SCHEPERS § | | |
| GmbH & Co. KG MS LEON, and § | | |
| SCHEPERS LEON SHIPPING § | | |
| COMPANY LIMITED § | | |
|     PLAINTIFFS § | C.A. NO. _____ | |
| § | | |
| V. § | Admiralty 9(h) | |
| § | | |
| ALPHA MAR GROUP, INC. and § | | |
| ALPHA MAR-IMW CO., § | | |
|     DEFENDANTS § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Reederei Rudolf Schepers, Reederei Rudolf Schepers GmbH & Co. KG MS LEON, and Schepers Leon Shipping Company Limited, file this Original Complaint against Alpha Mar Group, Inc. and Alpha Mar-IMW Co. ("Alpha Mar"), and allege and plead as follows:

## JURISDICTION AND VENUE

1. This is a matter within the Court's subject matter jurisdiction, within the meaning of 28 USC § 1332, in that it is a dispute between Plaintiffs, foreign business entities, and Alpha Mar, Texas Corporations, headquartered in Texas, for an amount in controversy exceeding the sum of $75,000, exclusive of costs and interest. The Court also has an independent basis for jurisdiction over the subject matter of this action under the Court's Admiralty and Maritime jurisdiction pursuant to 28 USC § 1333, as Plaintiffs assert claims for maritime tort and breach of a maritime contract arising from repairs to the steering gear of the vessel M/V ONEGO PONZA. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3805472-1

2. Venue for this civil action is proper in this Judicial District pursuant to 28 USC § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of Texas.

## PARTIES

3. Plaintiff Reederei Rudolf Schepers is an entity organized under the laws of a foreign state with its principal place of business in Germany. At all times material, Plaintiff was the Manager of the vessel M/V ONEGO PONZA, an Antigua and Barbuda flagged general cargo vessel bearing IMO No. 9245263.

4. Plaintiff Reederei Rudolf Schepers GmbH & Co. KG MS LEON is an entity organized under the laws of a foreign state with its principal place of business in Germany. At all times material, Plaintiff was the Owner of the vessel M/V ONEGO PONZA, an Antigua and Barbuda flagged general cargo vessel bearing IMO No. 9245263.

5. Plaintiff Schepers Leon Shipping Company Limited is an entity organized under the laws of a foreign state with its principal place of business in Germany. At all times material, Plaintiff was the Bareboat Charterer of the vessel M/V ONEGO PONZA, an Antigua and Barbuda flagged general cargo vessel bearing IMO No. 9245263.

6. Defendants, Alpha Mar Group, Inc. and Alpha Mar-IMW Co. ("Alpha Mar") are domestic business entities organized under the laws of the State of Texas with their principal place of business at 5814 Heffernan, Houston, Texas 77087. They may be served with process via their registered agent, John Vosnakis, 5814 Heffernan, Houston, Texas 77087.

## FACTUAL BACKGROUND

7. Plaintiffs allege and will prove at trial that Alpha Mar negligently and in breach of duty, contract, and warranties, provided improper and substandard repair services to Plaintiffs with

2

3805472-1

regard to repairing the steering gear of Plaintiffs' Vessel.  Alpha Mar's acts and omissions proximately caused extensive damage to the Vessel resulting in substantial additional costs and expenses.  Despite attempts to amicably resolve this matter, Plaintiffs' claims remain unresolved, necessitating this lawsuit.

8. On June 26, 2018, the vessel M/V ONEGO PONZA (the "Vessel" or "ONEGO PONZA") was at anchor offshore Houston/Galveston, Texas waiting for a pilot to enter the Port of Houston.  Upon raising her anchor and attempting to maneuver, the Vessel suffered a failure of her steering gear.  The Vessel immediately dropped anchor.

9. The day after the loss of steering, the Vessel was boarded by personnel from Alpha Mar, who were engaged by the Vessel owner to effect repairs.  On its website, Alpha Mar holds itself out as a "one stop solution" for ship repairs.

10. As part of Alpha Mar's repairs to the Vessel's steering gear, Alpha Mar personnel, under the supervision of an Alpha Mar foreman, rigged a wire rope or cable under the rudder of the Vessel, attaching it to the stern of the Vessel. The purpose of this wire rope was to physically support and hold in place the Vessel's rudder when it was required to be disconnected from the Vessel temporarily to complete the repairs.  Alpha Mar's work was to keep the rudder secured and supported in place during these repairs and to prevent it from falling free from the Vessel to the seabed. The rigging of this wire rope by Alpha Mar occurred on or about July 8-9, 2018.

11. On July 24, 2018, spare parts arrived at the Vessel, and repairs to the steering gear proceeded.  During those repairs, the rudder was required to be disconnected from the Vessel for the first time.  The wire rope rigged by Alpha Mar was to support and hold the rudder in place during this operation.  The moment the rudder was disengaged and the weight of the rudder rested

3

on the wire rope, the rigging of the wire rope failed, allowing the rudder to drop out of the Vessel and to the seabed. The Alpha Mar personnel immediately left the Vessel.

12. As a result of Alpha Mar's improper rigging of the wire rope in question, Plaintiffs sustained significant damages including loss, recovery, and inspection of the rudder. Plaintiffs' damages, as a result of the dropped rudder, also included unloading the Vessel's cargo so the steering gear attachment points could be accessed, diving and recovery costs, significant delays to the Vessel's departure, and other damages. Ultimately, the acts and omissions of Alpha Mar resulted in a 21-day delay in the Vessel completing repairs and departing Galveston.

13. During the delay period, it was discovered that Alpha Mar had damaged some hydraulic maneuver valves that are part of the Vessel's steering gear prior to the dropping of the rudder. This caused additional expenses and delays in order to replace these valves.

14. Plaintiffs attempted to negotiate and amicably discuss settlement with Alpha Mar, but Alpha Mar refused to reasonably engage in these discussions.

15. Plaintiffs were without fault in causing and/or contributing to the damages asserted in this Original Complaint. The dropping of the Vessel's rudder and the resulting damages were legally caused by the acts and/or omissions or other conduct of Alpha Mar, or by its breach of contract and warranties and/or its negligence. The source of all damages, costs, and expenses incurred by Plaintiffs is Alpha Mar's improper, substandard, defective, unfit, and non-conforming rigging and repairs to the Vessel.

## **BREACH OF CONTRACT**

16. Plaintiffs repeat and re-allege each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

17. Alpha Mar is engaged in the business of ship repair. By virtue of its contract with Plaintiffs, Alpha Mar agreed to provide competent and professional vessel repair services which were to meet certain industry practices and standards. However, Alpha Mar provided substandard, unsuitable repair services in breach of its contract with Plaintiffs.

18. The foregoing acts or failures to act as contracted by Alpha Mar proximately caused significant damage to Plaintiffs. Plaintiffs hereby seek recovery of all damages, costs, expenses, interest, and attorney's fees that have been or may be incurred as a result of Alpha Mar's breach of its contractual duties to Plaintiffs.

## BREACH OF IMPLIED WARRANTIES AND WORKMANLIKE PERFORMANCE

19. Plaintiffs repeat and re-allege each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

20. By agreeing to undertake repairs to the Vessel's steering gear, Alpha Mar owed Plaintiffs a warranty to perform their repairs in a good and workmanlike manner, in accordance with industry practice and standards. Alpha Mar breached this duty resulting in damage to the Vessel, including but not limited to dropping the Vessel's rudder to the sea bed.

## NEGLIGENCE

21. Plaintiffs repeat and re-allege each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

22. Alpha Mar owed Plaintiffs a legal duty under the general maritime law to exercise diligence and reasonable care in their performance of repairs to the Vessel's steering gear. Alpha Mar breached this duty by failing to effectuate proper repairs, which included proper rigging and pre-repair work. As a result, the Vessel's rudder dropped to the seabed, and the Vessel's hydraulic maneuvering valves were damaged. The acts and omissions on the part of Alpha Mar were

negligent and breached its duty to Plaintiffs, proximately causing damage to the Vessel and the Plaintiffs.

## DAMAGES

23. Plaintiffs repeat and re-allege each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

24. As a result of Alpha Mar's acts and/or omissions including the provision of ship repair services that were substandard, unsuitable, in violation of industry standards, unsafe, and negligent, Plaintiffs and the Vessel suffered significant physical damages, loss of use, and other expenses.

25. Plaintiffs seek approximately $720,000.00 for their actual losses, damages, costs, and expenses, including but not limited to recovery, transportation, inspection, and reinstallation of the Vessel's rudder, replacement of hydraulic maneuvering valves, loss of hire, unloading and transshipment of cargo, wharf fees, security, removal of slops, etc., as well as pre and post judgment interest and attorney's fees.

## CONDITIONS PRECEDENT

26. Plaintiffs have complied with all conditions precedent to the maintenance of all causes of action asserted in these proceedings.

## PRAYER

As a result of these causes of action, Plaintiffs pray for the following:

That Alpha Mar be served with citation and process, and that at a final hearing or trial, Plaintiffs have judgment against Alpha Mar as to the damages described herein, in an amount to be shown at the trial of this matter, plus prejudgment and post judgment interest, costs of court, attorney's fees, and such other and further relief to which Plaintiffs may show themselves entitled.

Respectfully submitted,

**CHAFFE McCALL, L.L.P.**

*/s/ Frank A. Piccolo*
Frank A. Piccolo
Attorney-in-charge
State Bar No. 24031227
SDTX Bar No. 30197
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone: 713-546-9800
Facsimile: 713-546-9806
Email: frank.piccolo@chaffe.com

**ATTORNEYS FOR PLAINTIFFS**

OF COUNSEL:

**CHAFFE McCALL, L.L.P.**
Heather S. von Sternberg
State Bar No. 00797400
SDTX Bar No. 22684
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone: 713-546-9800
Facsimile: 713-546-9806
Email: heather.vonsternberg@chaffe.com

**ATTORNEYS FOR PLAINTIFFS**